PASCAL G. REDFERN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Redfern v. Commissioner
Docket No. 13562-89
United States Tax Court
T.C. Memo 1990-406; 1990 Tax Ct. Memo LEXIS 425; 60 T.C.M. (CCH) 382; T.C.M. (RIA) 90406; August 2, 1990, Filed *425 Decision will be entered for the respondent. Pascal G. Redfern, pro se. Thomas E. Ritter, for the respondent. PARR, Judge. PARR
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss under Rule 104 [1] and for damages under section 6673. Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions To Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
1982
$  9,179
$ 2,295
$ 459
* $ 894
$ 2,295
1983
9,044
2,261
452
**
553
2,261
1984
9,717
2,429
486
**
610
2,429
1985
11,280
2,820
564
**
647
2,820
*426 On January 19, 1990, the Court served a Notice Setting Case for Trial at the trial session in Helena, Montana, on June 18, 1990. A Standing Pre-Trial Order was also served upon the parties. The Notice Setting Case for Trial states in part: The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. The Notice Setting the Case for Trial and the Standing Pre-Trial Order similarly required the parties to cooperate and to stipulate facts to the maximum extent possible. As early as January 30, 1990, respondent sought to meet with petitioner on an informal basis, avoid formal discovery, and fully stipulate mutually agreed facts and evidence. As early as February 6, 1990, respondent advised petitioner of *427 his obligation to cooperate and warned him if he failed to do so, respondent would seek dismissal of the case and request penalties under section 6673. Petitioner refused to meet with respondent's counsel. On March 2, 1990, respondent served interrogatories upon petitioner pursuant to Rule 71, and on March 22, 1990, respondent served a request for admissions and a request for production of documents upon petitioner pursuant to Rules 90 and 72, respectively. Petitioner did not respond. On May 4, 1990, respondent filed a motion to dismiss and for damages (motion) with the Court. On May 14, 1990, the Court issued the following order: ORDERED that petitioner shall, on or before May 25, 1990, serve on counsel for respondent answers to each interrogatory served on petitioner on March 2, 1990. An evasive or incomplete answer will be treated as a failure to answer. It is further ORDERED that petitioner shall, on or before May 25, 1990, produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioners on March 22, 1990. An evasive or incomplete response will be treated as a failure to respond. It is further *428 ORDERED that petitioner shall, on or before May 25, 1990, file any motion to withdraw or modify the matters deemed admitted by petitioner's failure to timely respond to respondent's request for admissions served on petitioners on March 22, 1990, pursuant to Rule 90(f). A denial shall fairly respond to the substance of the requested admission. It is further ORDERED that the Court may impose sanctions upon petitioner pursuant to Rule 104, including dismissal of this case, if petitioner fails to timely obey this Order. Respondent's motion to dismiss and for damages will be held in abeyance pending any response by petitioner to this Order.
At petitioner's request, a telephone conference between the Court, respondent's counsel, petitioner, and petitioner's wife, Mona Redfern, took place on May 23, 1990. (Mona Redfern is a petitioner in a separate case for the years 1982 through 1985.) Respondent agreed to mail petitioner a copy of everything in petitioner's case file after eliminating any written mental impressions of the revenue agent. The Court reiterated that petitioner must respond to respondent's discovery requests on or before May 25, and informed petitioner of his obligations *429 and duties pursuant to the trial on June 18, 1990. On May 29, 1990, the Court received a number of meritless motions signed jointly by petitioner and Mona Redfern. Also included were "answers" to respondent's discovery requests, which were signed by petitioner. Petitioner answered the interrogatories by either asserting Fifth Amendment privilege, that the answer to the question was obvious to the IRS, and/or that the question was duplicative. Petitioner responded to the document request by asserting the Fifth Amendment privilege with respect to each and every item. As to the requested admissions, petitioner asserted Fifth Amendment privilege and/or that the request was duplicative, or that he was "not required" to file Federal income tax returns for the years in issue. Petitioner stated that his responses to the deemed admissions and interrogatories were made under duress and under the time limitation imposed by the Court. Petitioner indicated that he would reveal to the Court in camera requested documents and answers to certain interrogatories (but apparently not others). On June 18, 1990, the case was called from the trial calendar. No appearance was made by or on behalf *430 of petitioner. Respondent filed written motions to dismiss and for damages with the Court at that time. The Court may dismiss a case for failure to properly prosecute if a party unexcusably fails to appear when the case is called for trial. Rule 149(a). Petitioner was notified of this fact in the Notice Setting the Case for Trial, and the telephone conference between the Court, respondent's counsel, petitioner, and Mona Redfern. Furthermore, on June 11, 1990, in an order denying petitioner's "Motion for a Phone Conference to Set Up Trial Date on June 18," we ordered petitioner to appear at the time and place set forth in the Notice Setting Case for Trial. Nevertheless, no appearance was made by or on behalf of petitioner when the case was called for trial. Therefore, dismissal is warranted in this case for failure to properly prosecute. Since we have dismissed this case for failure to properly prosecute under Rule 149(a), respondent's motion to dismiss under Rule 104 is moot. We next consider that part of respondent's motion which seeks the imposition of damages under section 6673. Whenever it appears to the Court that proceedings before it have been instituted or maintained *431 by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Sec. 6673(a). [2]
Respondent repeatedly advised petitioner that if he failed to cooperate respondent would seek dismissal of his case and penalties under section 6673. Nevertheless, petitioner continued to stonewall with the objective of delaying discovery and the ultimate resolution of this case. We warned petitioner in our discovery order that an evasive *432 or incomplete answer to respondent's interrogatories would be treated as a failure to answer. Nevertheless, petitioner refused to answer questions on the grounds that the answer was obvious and/or duplicative. Furthermore, petitioner's failure to appear at trial convinces us that petitioner is maintaining this proceeding primarily for delay. Accordingly, we hold that petitioner has maintained this case primarily for delay, and require petitioner to pay a penalty to the United States under the authority of section 6673 of $ 2,000. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
*. 50 percent of the interest due on $ 9,163.↩
**. 50 percent of the interest due on the deficiency.↩
2. The Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, changed the term "damages" to "penalty" and increased the amount which can be awarded to the United States from $ 5,000 to $ 25,000. These changes are applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩